JOHNSON, surv. vs h. & r. w. green.

*Touching actions against parties, as partners.*

1. Where two or more are sued as partners, a verdict may be found against such as appear to be so, and in favor of those not.

In error to the Circuit Court of Morgan.

David B. Johnson, survivor, declared against Horace Green and Robert W. Green, as late merchants and copartners, trading under the firm and style of H. & R. W. Green,—in assumpsit, for work and labor.   The defendants plead—

1. Non-assumpsit.

2. Another action for same cause, pending.

And on these pleas a verdict was rendered for the defendants.

In the progress of the trial the plaintiff took a bill of exceptions, which disclosed these facts.— The plaintiff having proved the execution, and value of the work and labor charged in the declaration, the defendant gave evidence of a deed to Horace Green, for the lot on which the work and labor was performed.   The Court then charged the jury, that the plaintiff could not recover, without proving a partnership between Horace and Robert W. Green.

*Robinson*, for plaintiff in error.
*S. Parsons*, contra.

HITCHCOCK, C. J.—This was an action by the plaintiff in error, who was plaintiff below, against the defendants, charging them as partners, on an account for work and labor. A verdict and judgment were had against the plaintiff below.

The only question to be examined in this Court, arises upon a bill of exceptions, taken at the trial below, to the instruction given by the Court to the jury.

Proof was given by the plaintiff, of his account, which appeared to have been for work, &c., on a lot of ground, a deed to which, in the name of Horace Green, one of the defendants, was read. The Court charged the jury, " that the plaintiff could not recover without proving a partnership between the defendants; to which the plaintiff excepted."

By the act of 1818,* it is declared, that " when any suit shall be instituted against two or more persons, as partners in any firm, if one or more persons, not partners in said firm, shall have been sued as such, the Court before whom said suit is pending, shall discontinue said suit against such person or persons, as shall appear not to be partners in said firm, and proceed to judgment and execution against all, or any of the defendants in such action, who shall appear to be partners."

Under this statute, the charge of the Court was erroneous. The jury should have been instructed, to have found in favor of the one found not to be a partner, and against the other, if the facts so appeared, and then judgment should have been rendered against the one, and in favor of the other, for his costs. The object of this statute was to prevent the

*Aik. Dig. 268.

dismissal of suits when persons were improperly joined as partners. Such was the decision of this Court in the case of *Jones, et al.* vs *Pitcher, et al.*

The judgment must be reversed and the cause remanded.